IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHAEL P.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-435**   (Fam. Ct. Kanawha Cnty. Case No. FC-20-2025-D-679)

**ALIZABETH W.,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Michael P. [1] ("Father") appeals the Family Court of Kanawha County's October 8, 2025, Final Order of Allocation that designated Respondent Alizabeth W. ("Mother") as the minor child's primary custodial parent and allocated Father less than an equal (50-50) physical custodial allocation.[2] Mother did not participate in the appeal. [3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order entered October 8, 2025, is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Father and Mother were never married and share one child, born in 2022. The family court previously established paternity and child support but did not make a custodial allocation at that time. On August 21, 2025, Father filed a petition for custodial allocation. Both parties appeared for a final hearing on October 7, 2025. At the time of the hearing, Father lived in Fayette County and Mother resided in Kanawha County. Father requested a 50-50 custodial allocation and testified that the parties shared mostly equal custody for the child's entire life with Father sometimes having the child more than half of the time. Father wanted the child to attend school starting when the child was three years old, but

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented.

[3] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

Mother disagreed. The minor child has siblings in both homes and Father and Mother both desired this child to attend school in their respective county with their respective other children, but Father testified he was willing and able to transport the child to school in Kanawha County during his parenting time, if necessary.

The family court designated Mother as the child's primary custodial parent. The family court further found that: (1) the presumption of a 50-50 custodial allocation was rebutted during the school year pursuant to West Virginia Code § 48-9-209(f)(5)(A) and (D) (2024) because the distance between the parties' homes would be disruptive to the child's education; (2) Father was allocated parenting time every other weekend from Friday at 4:00 p.m. until Sunday at 6:00 p.m. when the child was in school; (3) during the summer months and before the child starts school in Fall 2026, the parties shall exercise a 50-50 week-on/week-off parenting schedule; and (4) the child shall be enrolled in school in Kanawha County, once the child is four years of age. The family court entered its Final Order of Allocation on October 8, 2025. It is from this order that Father now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father asserts three assignments of error. First, Father alleges that the family court showed judicial bias towards Kanawha County as its basis for designating Mother as primary custodial parent of the minor child. We disagree.

Father contends that the family court judge said during the hearing; "I'll just say it, I am biased towards Kanawha County." However, upon this Court's review of the recording of the proceedings in the appellate record, we found no such statement by the court. Instead, the hearing video reveals that the family court stated that it "sympathize[s]" with Mother's desire to have this minor child attend school near her home and with her other minor children, this child's half-siblings. The family court's order does not indicate that it gave Mother preference in determining the primary custodial parent of the minor child due to her residing in Kanawha County. The Supreme Court of Appeals of West Virginia held that "[a] finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not

2

overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In re Tiffany Marie S.,* 196 W. Va. 223, 470 S.E.2d 177 (1996). Based upon our review of the record, the family court did not clearly err or abuse its discretion in designating Mother as the primary custodial parent.

Further, Father requested that future family court hearings be held before a different judge, based on his allegation of judicial bias. Generally, a party contending judicial bias would seek disqualification of the offending judge, pursuant to Rule 58 of the Rules of Practice and Procedure for Family Court. However, no motion for disqualification of the family court judge was filed below. *See Katelin C. v. Donovan C.*, No. 24-ICA-473, 2025 WL 2240293 at *3 (W. Va. Ct. App. Aug. 6, 2025) (memorandum decision). Additionally, "[a]s noted in Rule 58, which references Rule 17 of the Trial Court Rules, decisions regarding disqualification of judges are made by the Chief Justice of the SCAWV and are not the province of this Court." *In re C.S.*, 251 W. Va. 147, 151-152, 909 S.E.2d 819, 823-824 (Ct. App. 2024). This Court has said that "to prevail on a claim of bias, at a minimum, [a party] must substantiate [their] claim of bias or prejudice." *Xerxes R. v. Richard P.*, No. 24-ICA-76, 2024 WL 5003524 at *5 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision). In this case, Father did not substantiate his claim of bias and has not established that his due process rights were violated at any time during the proceedings.

Second, Father argues that the family court misapplied West Virginia Code § 48-9-209(f)(5)(A) when finding the distance between the parties' residences was great enough to rebut the presumption of a 50-50 custodial allocation. We disagree.

In *Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833 at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision), this Court held that it is within the family court's discretion to find that a distance of thirty to forty minutes between parental residences is a sufficient limiting factor to rebut the presumption of an equal (50-50) custodial allocation. Under West Virginia Code § 48-9-209(f)(5)(A), when "determining whether the presumption for an equal (50-50) allocation of physical custody has been rebutted, a court shall consider all relevant factors including … whether an equal (50-50) physical allocation is: [i]mpractical because of the physical distance between the parents' residences[.]" The SCAWV has long held that "[q]uestions relating to … the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl. Pt. *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977). It was within the family court's discretion to use this limiting factor to find that the statutory presumption of an equal (50-50) custodial allocation has been rebutted and to order less than equal custodial allocation. Consequently, this Court will not disturb the family court's decision on appeal.

Third, Father claims that the family court's application of West Virginia Code § 48-9-209(D), indicates that Father was previously uninvolved in the minor child's life, which is unsupported by the evidence, as Father enjoyed equal custodial time with the minor child prior to filing his petition. We find this assignment of error to be misplaced. The family court did not make a finding of noninvolvement but rather made findings under West Virginia Code § 48-9-209(f)(5)(A) and (D). Pursuant to these subsections, a limiting factor can be found to rebut the presumption of an equal (50-50) custodial allocation when such an allocation is "[i]mpractical because of the physical distance between the parents' residences" and "[w]ould disrupt the education of the child," respectively. Conversely, West Virginia Code § 48-9-209(f)(3)(D) addresses prior noninvolvement of a parent as a factor for the family court to consider when determining custodial allocation. Since the family court did not make the finding alleged in Father's assignment of error, this Court does not find merit in this argument.

Lastly, Father alleges the family court made various factual errors in its final order. First, the family court made a finding that the parties were "engaged in a romantic relationship for a substantial period of time." Father alleges that this is not correct and that nothing in the record reflects the length of time the parties were engaged in a relationship. Next, the court found that both parties live in Kanawha County, when the record is clear that Mother lives in Kanawha County and Father lives in Fayette County. Third, Father argues that the court incorrectly orders that the minor child be enrolled in a school in a specific neighborhood of Kanawha County, which is not the area where Mother and child live, and that the court was mistaken about where Mother resides. While these findings may be factually inaccurate or clerical errors, we find such errors to be harmless because Father failed to show on appeal how his rights were adversely affected by the alleged errors. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error).

Accordingly, we affirm the Family Court of Kanawha County's October 8, 2025, Final Order of Allocation.

Affirmed.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge S. Ryan White

Chief Judge Daniel W. Greear, not participating.

4